**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KECYA THURMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24-cv-06746 |
| | ) | |
| v. | ) | |
| | ) | |
| ARBOR E & T, LLC d/b/a RESCARE | ) | |
| WORKFORCE SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

**NOW COMES** Kecya Thurman ("Plaintiff"), by and through her undersigned counsel, complaining of Arbor E & T, LLC d/b/a Rescare Workforce Services ("Defendant") as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings this action seeking redress under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5 *et seq.*, for sex-based discrimination/harassment, sexual-orientation-based discrimination/harassment, and retaliation for engaging in protected activity under Title VII.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as Title VII is a federal statute.

3. Venue in this district is proper under 28 U.S.C. §1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent for jurisdiction for Title VII claims have been satisfied.

5. A charge of employment discrimination on the basis of sex, sexual harassment,

1

sexual orientation, and retaliation was filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC"). *See* attached Exhibit A.

6. Plaintiff received a Notice of Right to Sue from the EEOC on July 19, 2024, and filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue. *See* attached Exhibit B.

## PARTIES

7. Plaintiff is an individual, over 18-years-of-age, who at all times relevant resided in Chicago, Illinois.

8. Defendant is a limited liability corporation that specializes in "workforce development services in North America."

9. Defendant operates and/or manages a homeless shelter in Chicago, Illinois, where Plaintiff was once employed by Defendant.

10. Plaintiff is an "employee" as defined by 42 U.S.C §2000e(f).

11. At all times relevant, Defendant had at least fifteen employees, was an "employer" as defined by Title VII, and was engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## FACTUAL ALLEGATIONS

12. Plaintiff was employed by Defendant as a shelter supervisor from April 1, 2022, until her unlawful termination on April 3, 2024.

13. Plaintiff is female and is a member of a protected class because of her sex (female) under Title VII.

14. Plaintiff is a gay female and is a member of a protected class because of her sexual orientation.

2

15. From March 2024 through April 3, 2024, Defendant subjected Plaintiff to different terms and conditions of employment than others not within her protected classes.

16. In or around March 2024, Plaintiff began to be subjected to sexual harassment on the basis of her sex and sexual orientation.

17. Plaintiff's subordinates, Tiffany Scott and Erica Weathers, spread a baseless and inappropriate rumor alleging that Plaintiff was in a sexual relationship with their manager Cornelius (LNU, male).

18. Given that Plaintiff is a gay female, the rumor was demonstrably false and made with malicious intent.

19. The rumor caused other employees to question the fact that Plaintiff was a proud gay female.

20. Specifically, other rumors started spreading that Plaintiff "liked men."

21. These rumors became persistent and pervasive, consistently targeting Plaintiff's sex and sexual orientation in a discriminatory and harassing fashion.

22. Notably, no similarly situated individuals outside of Plaintiff's protected classes endured this disparate treatment.

23. The persistent lies, rumors, and harassment resulted in a hostile work environment.

24. No straight or heterosexual employees faced this level of scrutiny and harassment.

25. On or about March 12, 2024, Plaintiff engaged in a protected activity by making a complaint to Defendant's Human Resources ("HR") representative Tammy Douglas regarding the harassment Plaintiff was repeatedly experiencing in the workplace.

26. Given that such conduct is against Defendant's policies, Plaintiff believed the discriminatory and harassing behavior would be dealt with in an appropriate fashion.

3

27. While Plaintiff hoped that remedial measures would be taken, Defendant took no action to stop the harassment.

28. As a result, the harassment persisted, furthering and emboldening the hostile environment.

29. On or about March 19, 2024, Plaintiff was suddenly suspended for taking part in

30. Plaintiff was informed of the suspension by Joan Zimmerman, Sandy Belt (Human Resources), and Regional Director Karen (LNU).

31. Importantly, Plaintiff's manager Cornelius was present at this meeting.

32. On or about April 3, 2024, Plaintiff's employment was terminated by Joan Zimmerman for participating in the "approved meeting."

33. The basis for termination was pretext as no other employees that took part in the "unapproved meeting" were terminated, including Plaintiff's manager, Cornelius.

34. Accordingly, Plaintiff was blatantly retaliated against for engaging in protected activity by opposing sexual harassment and sexual orientation discrimination.

## DAMAGES

35. Plaintiff suffered an adverse employment action in the form of termination.

36. As a result of Defendant's conduct, Plaintiff suffered damages, including: loss of employment, loss of income, loss of employment benefits, mental anguish, emotional distress, decreased self-esteem, humiliation, financial distress, and loss of enjoyment of life.

### COUNT I
### Violations of Title VII of the Civil Rights Act
### (Sex-Based Discrimination and Harassment)

37. Plaintiff incorporates all preceding Paragraphs as if fully stated herein.

38. Title VII prohibits employers from harassing employees based on their sex, which

4

is defined to include sexual orientation and gender identity.

39.    Defendant violated Title VII by discriminating and harassing Plaintiff on the basis of her sex and sexual orientation/sexual preferences.

40.    As set forth above, Defendant and Defendant's agents repeatedly discriminated and harassed Plaintiff solely based on her sex and sexual orientation by, *inter alia*, (1) continuously discussing Plaintiff's sexual preferences; (2) spreading conjecture, lies, and/or rumors intended to demean Plaintiff; (3) baselessly alleging improper or inappropriate sexual relations with other employees of the opposite sex; (4) not investigating Plaintiff's complaint of sex-based discrimination and/or harassment; and (5) terminating Plaintiff's employment in retaliation for Plaintiff engaging in protected activity.

41.    Members outside of Plaintiff's protected classes were not subjected to the same discrimination and/or harassment as Plaintiff.

42.    As set forth above, the harassment was severe and pervasive.

43.    The harassment was objectively offensive and would have offended any other individual in Plaintiff's shoes.

44.    Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

45.    As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful harassment.

## COUNT II
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

43.    Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

44.    As set forth above, Defendant retaliated against Plaintiff for engaging in protected activity by terminating her employment.

45. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

46. As set forth above, Plaintiff suffered damages as a result of Defendant's conduct.

## COUNT III

47. "To prove a claim for retaliatory discharge, a plaintiff employee must establish that (1) the employer discharged the plaintiff, (2) in retaliation for the plaintiff's protected activities, and (3) the discharge violates a clear mandate of public policy. *Michael v. Precision Alliance Group, LLC*, 2014 IL 117376, ¶ 31.

48. Defendant committed the tort of retaliatory discharge by discharging Plaintiff in retaliation for Plaintiff engaging in protected activity by opposing sex-based discrimination and harassment.

49. There could be no question that Defendant's conduct in terminating Plaintiff for engaging in protected activity violates public policy.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests the following relief.

    a. An award of compensatory damages;

    b. Back pay with interest;

    c. Front pay with interest;

    d. An award of pre-judgment and post-judgment interest;

    e. An award of liquidated damages;

    f. An award of punitive damages;

    g. An award of reasonable attorney's fees and costs; and

    h. Any further relief this Court may deem just and equitable.

## **<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.


Dated: August 1, 2024

Respectfully Submitted,

<u>/s/ *Mohammed O. Badwan*</u>
Mohammed O. Badwan
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Phone (630) 575-8180
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*